**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DOMINGO YBARRA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-1967-KC** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Domingo Ybarra, Federal Prisoner Number 63439-280, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Pet'r's Pet., ECF No. 1-1. His petition is denied.

**BACKGROUND**

Ybarra is a 58-year-old federal prisoner at the La Tuna Federal Correctional Institution ("FCI La Tuna") in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 37897-512, last visited July 23, 2026). His projected release date is November 29, 2032.

Ybarra pleaded guilty to conspiracy to import more than 500 grams of methamphetamine (Count One), importation of more than 500 grams of methamphetamine (Count Two), conspiracy to import more than one kilogram of heroin (Count Three), importation of more than one kilogram of heroin (Count Four), conspiracy to import more than 500 grams of cocaine (Count Five), and importation of more than 500 grams of cocaine (Count Six). *United States v. Ybarra*, No. 2:20-cr-01282-AM (W.D. Tex.), J. Crim. Case, ECF No 54. He was sentenced to 188

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

months' confinement followed by five years' supervised release.

In his § 2241 petition, Ybarra claims the Bureau of Prisons' ("BOP's") First Step Act earned time credit assessment shows his residential reentry date is January 27, 2026, when he believes it should be January 19, 2026. Pet'r's Pet., ECF No. 1-1 at 4. He asks the Court to order his immediate release. *Id.* at 10.

**STANDARD OF REVIEW**

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

**ANALYSIS**

Ybarra disagrees with the BOP's calculation of his projected date for his transfer to a residential reentry center. Pet'r's Pet., ECF No. 1-1 at 4. He believes he has eight additional days of First Step Act earned time credits ("FTCs") that should be applied toward his transfer to prerelease custody.

The First Step Act allows eligible prisoners to accrue FTCs toward their placement in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). It gives prisoners the opportunity to earn ten days of FTCs for every 30 days of successful participation in Evidence Based Recidivism Reduction ("EBRR") programs and Productive Activities ("PAs"). *Id.* § 3632(d)(4)(A)(i). It allows prisoners at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they do not increase their risk levels over two consecutive

assessments. *Id*. § 3632(d)(4)(A)(ii). It permits prisoners to have their FTCs applied toward their pre-release placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the Director, it permits prisoners to apply their FTCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

Consequently, a qualifying inmate is eligible, at the BOP's discretion, to have his FTCs applied toward his prerelease custody and/or an early transfer to supervised release once he has FTCs equal to the remainder of his sentence and otherwise meets the eligibility criteria. *See* 18 U.S.C. § 3624(g)(1)-(2).

However, the designation of "the place of the prisoner's imprisonment," including in a residential reentry center or home confinement, is the responsibility of the BOP. 18 U.S.C. § 3621(b). And a prisoner has no protectable liberty interest in his custodial classification or in being housed at a particular facility or custody level. *See Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983). Consequently, the BOP—not the Court—is the proper place to direct a request for designation to a residential reentry center or in home detention. *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c) (providing that the BOP has the authority to "place a prisoner in home confinement")).

Furthermore, release from institutional custody to a residential reentry center or home detention "is a change in conditions of confinement and not cognizable under § 2241." *Maldonado v. Rule*, No. 4:24-cv-0971-P, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (explaining a challenge to exclusion from program allowing home confinement is more properly brough as a *Bivens* action)).

**CONCLUSION AND ORDERS**

The Court concludes that Ybarra' claims are without merit as he cannot show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The Court accordingly enters the following orders:

**IT IS ORDERED** that Domingo Ybarra's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 23rd day of July, 2026.**

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**